# DISCIPLINARY SETTLEMENT AGREEMENT
## Officer Jean Byrne #1807
## IAB #200902-0079

This agreement is mutually entered into by the following parties: The City of Columbus, Department of Public Safety (employer), the Fraternal Order of Police, Capital City Lodge No. 9 (Lodge) and Officer Jean Byrne (employee). This disciplinary action is hereby settled on the following terms:

1. Officer Jean Byrne has been informed of the charges and specifications against her as written in IAB #200902-0079, by the Division of Police, Department of Public Safety.

2. The parties agree that the Director of Public Safety shall issue a forty (40) working hour suspension for Charge I, Specification I (Rule of Conduct 1.07, *Insubordination* – Charges dated February 18, 2009).

3. The parties agree that the Director of Public Safety shall afford Officer Byrne the opportunity to forfeit leave (excluding sick) for the forty (40) hour suspension listed in #2 above.

4. Record of the suspension, listed in #2 above, will remain in effect as stipulated in Article 10 of the collective bargaining agreement.

5. Officer Byrne and the Lodge understand that this settlement serves as a Last Chance Agreement. Should Officer Byrne have sustained departmental charges for the same or similar conduct involved in IAB #200902-0079 within two (2) years from the date of December 14, 2009, the violation shall be cause for Officer Byrne's termination. The Department of Public Safety, Division of Police, need only prove that Officer Byrne has violated this agreement in order to be terminated. Officer Byrne and the Lodge agree that they may only challenge whether the behavior occurred and whether the behavior constitutes a violation of the rule. Neither an arbitrator nor the Civil Service Commission shall have the authority to modify the discipline or conditions stipulated in this agreement.

6. The time limit set forth in #5 above shall be extended by any period of a leave of absence (excluding vacation leave) in excess of eighty (80) hours, on a workday for workday basis.

7. Officer Byrne acknowledges that she was offered an opportunity to consult with a Lodge Representative or attorney about this settlement offer.

8. Officer Byrne waives her right to file a grievance on the decision relating to these charges under Article 10 or 12 of the collective bargaining agreement.

9. Officer Byrne waives her right to appeal the disciplinary decision to any other forum or tribunal.

10. Officer Byrne received a copy of this settlement and waiver.

11. Officer Byrne acknowledges that she was not pressured or coerced into signing this settlement agreement by any person and that the acceptance of this settlement offer is voluntary.



GB001222

Officer Jean Byrne
Disciplinary Settlement Agreement
IAB 200902-0079
Page 2

12. All parties to this agreement agree that this settlement shall not be precedent setting in any other matter and shall not be introduced into any other forum or tribunal except as may be necessary to enforce this agreement or to demonstrate the disciplinary record of the employee.

_____
Mitchell J. Brown
Director

_2-22-10_____
Date

_____
Jean Byrne #1807
Police Officer

_2/3/10_____
Date

_____
James H. Gilbert
President
FOP Capital City Lodge #9

_2/4/10_____
Date

c: Chief Walter L. Distelzweig, Division of Police
Commander Richard L. Crosby, Division of Police, Internal Affairs Bureau
Lieutenant Michael Gray, Division of Police, Professional Standards Bureau
Lieutenant Mark Gramlich, Division of Police, Personnel Section
Linda K. Guyton, Human Resource Manager, Division of Police
James H. Gilbert, President, FOP Capital City Lodge #9
Officer Jean Byrne

brooke/displ.settlement.byrne/jan10

GB001223

## Discipline Notification

RE: I.A.B. Database #200902-0079

**Officer Jean Byrne #1807:**

### Instructions:

Select **only one** of the following options. Supply any necessary information and sign. Return to the Internal Affairs Bureau within **five (5) calendar days**.

### Acceptance of Leave Forfeiture Option

I agree to forfeit _40_ hours of accrued leave as follows:

_X_ vacation hours  40 HOURS
____ overtime hours
____ holiday hours

In so doing, I realize that I will not be required to serve a suspension from duty. This shall constitute a final disposition of this matter.

_Jean Byrne_ (Signature)    3/3/10 (Date)

### Declination

I respectfully decline to forfeit accrued leave in lieu of serving a suspension. I realize the Director of Public Safety will conduct an inquiry into this matter. If the Director sustains the charges against me, I may be suspended from duty, reduced in rank, or my employment relationship with the City of Columbus may be terminated.

_____
(Signature)        (Date)

GB001224

# City of Columbus
## Department of Public Safety

50 W. Gay Street, 2nd Floor
Columbus, Ohio 43215-9035
(614) 645-8210  FAX 645-8268



Director
Mitchell J. Brown

Mayor
Michael B. Coleman

May 20, 2009

IAB #200902-0079

**OFFICER JEAN BYRNE #1807:**

This is to inform you facts have been brought to my attention which indicates conduct on your part warrants an inquiry by me that may result in disciplinary action. Accordingly, you have been charged with violating the Rules of Conduct of the Division of Police as set forth in **Section 1.07 and 1.15** of the Division of Police Rules of Conduct. The charges and specifications dated February 18, 2009 and April 7, 2009 are attached.

You will report to the Director of Public Safety at, **50 West Gay Street, 2nd Floor, Administrative Conference Room, Columbus, Ohio, Wednesday, June 24, 2009 at 2:00 p.m.** At this time, you will be given the opportunity to respond either verbally or in writing to the charge(s) and specification(s) by presenting an oral statement, or by submitting your written statement with any additional affidavits which you feel necessary, or both.

You may be represented at this hearing. Pursuant to Article 10.6 of the current work agreement between the City of Columbus and the Fraternal Order of Police, Capital City Lodge No. 9, the hearing shall be closed to the public, media, and others not directly involved with the hearing.

Prior to the date of this hearing, you have the opportunity to examine copies of the materials which are pertinent to the charge(s) brought against you. This inspection may be done at the offices of the Division of Police at a time arranged between you and that Division. The Division of Police shall be provided access reasonably in advance of the departmental hearing, to any transcripts, records, written statements, video tapes, and written summaries (including opinions of any polygraph examinations pertinent to the case) possessed by you or your representative.

Division of Fire ................................ 3675 Parsons Avenue ................ Columbus, Ohio 43207-4054 ........... (614) 645-6308 ......... FAX 645-3040
Division of Police ........................... 120 Marconi Boulevard ............. Columbus, Ohio 43215-0009 ........... (614) 645-4545 ......... FAX 645-4551
Division of Support Services ........ 220 Greenlawn Avenue .............. Columbus, Ohio 43223-2694 ........... (614) 645-7710 ......... FAX 645-4819

THE CITY OF COLUMBUS IS AN EQUAL OPPORTUNITY EMPLOYER

GB001225

OFFICER JEAN BYRNE #1807    IAB #200902-0079
PAGE 2

Under the Charter of the City of Columbus and the Rules and Regulations of the Civil Service Commission, this inquiry may result in an order of suspension, reduction in rank, or discharge. Upon completion of my investigation, you will receive a written notice of my determination regarding the charge(s) and specification(s) attached.

By order of:

*[signature]*

Mitchell J. Brown
Director

MJB:djg

09-51-MJB-09

Atch

c:   Chief Walter L. Distelzweig, Division of Police
     Commander Ron Gray, Division of Police, Internal Affairs Bureau
     Lt. Michael Gray, Division of Police, Professional Standards Bureau
     Lt. Mark Gramlich, Division of Police, Personnel Section
     Linda Guyton, Division of Police, Personnel Section
     Jim Gilbert, President, FOP, Capital City Lodge #9
     Frank Hall, Acting Grievance Chair, FOP, Capital City Lodge #9

Copy of the preceding received by me personally this __3rd__ day of ~~May~~ June 2009 at __10:25__ A.M./(P.M.)

_____
OFFICER JEAN BYRNE #1807

Copy of the preceding served by me personally to Officer Jean Byrne #1807, this __3rd__ day of ~~May~~ June 2009 at __10:25__ A.M./(P.M.)

SGT. _[signature]_ #5268
Signature of Server




Mitchell J. Brown, Director of Public Safety

# Division of Police

Walter L. Distelzweig, Chief of Police

120 Marconi Boulevard
P.O. Box 16009
Columbus, Ohio 43216-0009

THE CITY OF COLUMBUS IS AN EQUAL OPPORTUNITY EMPLOYER

City of Columbus
Mayor Michael B. Coleman

Phone # (614) 645-4545    Fax # (614) 645-4551    TDD# (614) 645-4677

April 7, 2009

Officer Jean Byrne #1807

RE: I.A.B. Database #200902-0079

Officer Byrne:

Facts have been brought to my attention, which indicate that conduct on your part may warrant disciplinary action. Accordingly, you are herewith charged pursuant to Section 1.04 of the Rules of Conduct governing the Division of Police, Department of Public Safety; and Section 108 of the Charter of the City of Columbus, County of Franklin, State of Ohio, with violating the Rules of Conduct of the Division of Police, as set forth in **Rule of Conduct 1.15.**

**Charge I:** You are hereby charged with violating **Rule of Conduct 1.15(A)(5) "General Requirements,"** which states, *"Division personnel shall be truthful at all times."*

**Specification I:** On or about February 25, 2009, while in a disciplinary conference with then Acting Chief Walter Distelzweig, you told him that a prisoner she was supposed to be observing on December 8, 2008, had always been within your sight. You knew at that time that your statement was untruthful.

**Specification II:** On or about February 25, 2009, while in a disciplinary conference with then Acting Chief Walter Distelzweig, you told him that on December 8, 2008, you didn't hear anything from Sergeant Ken Decker until you were on your way out of the BAC Room. You knew at that time that your statement was untruthful.

GB001227

| | |
|---|---|
| **Specification III:** | On or about February 25, 2009, while in a disciplinary conference with then Acting Chief Walter Distelzweig, you told him that a May of 2008 incident centered on your response time and relief at the Information Desk. You knew at that time that your statement was untruthful. |

You will report to my office on **Wednesday, April 22, 2009, at 1:30pm,** at which time you will be given the opportunity to respond, either verbally or in writing, to this charge. You may present an explanation or any other information that you feel is relevant to the charge, and which you think would be helpful to me in determining what, if any, action I should take.

You may bring your F.O.P. representative and/or attorney with you at the meeting in my office. Your F.O.P. representative or attorney will have one week (7 days) from the date you receive these charges to request the consideration of an alternate date or time due to a scheduling conflict. It will be your responsibility to notify your representative or attorney in a timely manner.

Sincerely,

*[signature]*

Walter Distelzweig #5000
Chief of Police

WLD/mpg

Copy of the preceding received by me this 15TH day of April 2009.

*[signature]*
Officer Jean Byrne #1807

Copy of the preceding served upon Officer Jean Byrne by me personally, this 15TH day of April 2009.

*[signature]* 5210
Server

GB001228

Department of Public Safety
Mitchell J. Brown, Director of Public Safety

# Division of Police
James G. Jackson, Chief of Police

120 Marconi Boulevard
P.O. Box 15009
Columbus, Ohio 43215-0009



City of Columbus
Mayor Michael B. Coleman

February 18, 2009

Officer Jean Byrne #1807

RE: I.A.B. Database #200902-0079

Officer Byrne:

Facts have been brought to my attention, which indicate that conduct on your part may warrant disciplinary action. Accordingly, you are herewith charged pursuant to Section 1.04 of the Rules of Conduct governing the Division of Police, Department of Public Safety; and Section 108 of the Charter of the City of Columbus, County of Franklin, State of Ohio, with violating the Rules of Conduct of the Division of Police as set forth in **Rule of Conduct 1.07.**

**Charge I:** You are hereby charged with violating **Rule of Conduct 1.07 "Insubordination,"** which states, *"Division personnel shall obey any lawful order of a superior or any order relayed from a superior by an employee of the same or lesser rank. Insubordination includes, but is not limited to, any language or action directed toward a superior which is disrespectful, mutinous, insolent, or abusive."*

**Specification I:** On or about December 8, 2008, while in the BAC Room of police headquarters, you failed to escort a female prisoner into the restroom after being told to do so twice by Sergeant Ken Decker.

You will report to my office on **Wednesday, February 25, 2009, at 1pm**, at which time you will be given the opportunity to respond, either verbally or in writing, to this charge. You may present an explanation or any other information that you feel is relevant to the charge, and which you think would be helpful to me in determining what, if any, action I should take.

Phone # (614) 645-4545     Fax # (614) 645-4651     TDD# (614) 645-4877

THE CITY OF COLUMBUS IS AN EQUAL OPPORTUNITY EMPLOYER

GB001229

You may bring your F.O.P. representative and/or attorney with you at the meeting in my office. Your F.O.P. representative or attorney will have one week (7 days) from the date you receive these charges to request the consideration of an alternate date or time due to a scheduling conflict. It will be your responsibility to notify your representative or attorney in a timely manner.

Sincerely,

A/c Walter

Walter Distelzweig #5003
Acting Chief of Police

WLD/m

Copy of the preceding received by me this 19th day of February 2009.

Officer Jean Byrne #1807

Copy of the preceding served upon Officer Jean Byrne by me personally, this 19th day of February 2009.

SGT. E. Babcock #5211
Server